**Sofia HERNANDEZ–RODRIGUEZ,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 03–73675.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Sofia Hernandez–Rodriguez, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Stephen J. Flynn, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Sofia Hernandez–Rodriguez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, the immigration judge's ("IJ") denial of her application for cancellation of removal. We have jurisdiction to review petitioner's due process claim under 8 U.S.C. § 1252. We review claims of due process violations in immigration proceedings *de novo, Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003), and we dismiss in part, and deny in part the petition for review.

To the extent that petitioner raises a due process challenge to the BIA's streamlining procedure, her argument is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003). This court lacks jurisdiction to review the IJ's discretionary determination that petitioner did not qualify for cancellation of removal because she failed to demonstrate "exceptional and ex-

tremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003). Finally, we decline to address petitioner's contention that she is eligible for relief under the Convention Against Torture because she failed to administratively exhaust this claim with the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED IN PART; AND DENIED IN PART.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

